**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO RAMOS individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>TOMOCREDIT INC.,<br><br>　　　　Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

---

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

1.     Plaintiff, Abelardo Ramos ("Plaintiff"), brings this action against Defendant, Tomocredit Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.     This case arises form Defendant´s transmission of multiple unauthorized text messages to cellular telephones during prohibited after-hours times even after consumers opt out from Defendant's messages.

4.     Defendant is a financial services company that provides credit-building services to consumers based out in California.

5.     To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6.     Through this action, Plaintiff seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiffs also seek statutory damages on behalf of himself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7.     Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff allege a national class, which will result in at least one class member belonging to a different state than that of Defendant.  Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

## CLASS ACTION COMPLAINT

8.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 (b) Defendant has its headquarters in this district (c) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Northern District of California and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Northern District of California.

## PARTIES

9.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Osceola County, Florida.

10.      Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 9778 (the "9778 Number") that received Defendant's text message solicitations.

11.      Defendant is a California corporation with its principal place of business located at 301 Howard Street Suite 950, San Francisco, CA 94105.

12.      Defendant directs, markets, and provides its business activities throughout the United States, including the State of California.

13.      Unless otherwise indicated, the use of Defendant 's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

14.      Defendant is a financial services company that provides credit-building services to consumers in Florida and throughout the United States.

**CLASS ACTION COMPLAINT**

15.    Beginning at least on June 25, 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 9778 Number, including but not limited to those sent on: June 25, 2025, June 26, 2025 at 9:04 PM, June 27, 2025 at 10:04 PM, and June 28, 2025 (as shown below):

 

16.    After this relentless bombardment of text messages, Plaintiff was forced to respond on June 30, 2025, with the clear and unambiguous opt-out message "Please cease" to halt all further text message communications with Defendant (As shown below):

**CLASS ACTION COMPLAINT**



17.    Despite Plaintiff's unequivocal opt-out request, Defendant deliberately continued to bombard Plaintiff with unwanted text message solicitations.

18.    Specifically, beginning on July, 2025 through September, 2025, Defendant sent multiple text messages to Plaintiff's 9778 Number, including but not limited to those sent on: July 2, 2025 at 9:05 PM, July 3, 2025, July 4, 2025 at 9:11 PM, July 5, 2025, July 7, 2025, July 9, 2025,

July 10, 2025, July 11, 2025, July 14, 2025, July 17, 2025, July 18, 2025, July 21, 2025, July 24, 2025, July 25, 2025, July 26, 2025, July 28, 2025, July 30, 2025, July 31, 2025, August 1, 2025, August 4, 2025, August 7, 2025, August 8, 2025, August 11, 2025, August 14, 2025, August 15, 2025, August 18, 2025, August 25, 2025, August 26, 2025, August 28, 2025, September 6, 2025, September 9, 2025, September 14, 2025, September 18, 2025, and September 21, 2025 (as shown below):



**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**







**CLASS ACTION COMPLAINT**





**CLASS ACTION COMPLAINT**



19.    This pattern of after-hour violations demonstrates Defendant's willful and knowing disregard for consumer protection laws and its deliberate choice to ignore federal time restrictions over an extended period.

20.    This aggressive and persistent pattern of violations—with Defendant bombarding Plaintiff on an almost daily basis over a nearly three-month period after Plaintiff's opt-out request—demonstrates Defendant's systematic failure to maintain functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests over an extended period.

21.     On June 26, 2025 at 9:04 PM, June 27, 2025 at 10:04 PM, July 2, 2025 at 9:05 PM, and July 4, 2025 at 9:11 PM, Defendant sent text messages to Plaintiff's 9778 Number in direct violation of federal after-hours restrictions, which prohibit telemarketing communications before 8:00 AM and after 9:00 PM local time.

22.     Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

23.     As demonstrated by the above facts, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations and systematically fails to maintain any functional internal do-not-call procedures.

24.     Defendant's refusal to honor opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

25.     Defendant's refusal to honor opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

26.     Defendant failed to place Plaintiff on an internal do-not-call list after opt-out instructions.

27.     Defendant's refusal to honor opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

28.     Defendant's refusal to honor opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

29.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made a clear opt-out request, yet his request was ignored by Defendant and its employees and Defendant continued to send text messages for nearly three months.

30.     These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

31.    Indeed, Plaintiff and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

32.    Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

33.    Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., Defendant's credit-building and financial services.

34.    The information contained in the text messages advertise Defendant's various discounts and promotions, which Defendant sends to promote its business.

35.    Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

36.    Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

37.    Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

38.    Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

39.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted.

40.    Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

**CLASS ACTION COMPLAINT**

41.    To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on June 30, 2025, when Plaintiff sent the "Please cease" message.

42.    Plaintiff is the subscriber and sole user of the 9778 Number and is financially responsible for phone service to the 9778 Number.

43.    Plaintiff's 9778 Number is his residential number which he uses for personal purposes.

44.    The text messages originated from telephone number (43909) own and operated by Defendant or on behalf of Defendant.

45.    Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiffs and the Class members inbound opt-out requests.

46.    Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiffs and caused disruption to his daily live.

47.    Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

48.    Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## **CLASS ALLEGATIONS**

**CLASS ACTION COMPLAINT**

**PROPOSED CLASSES**

49.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

50.     Plaintiff brings this case on behalf of the Classes defined as follows:

> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

> **After-Hours Violation Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).**

51.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believe the Class members number in the several thousands, if not more.

**Numerosity**

52.     Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent, during prohibited after hours times, and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

53.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**CLASS ACTION COMPLAINT**

**Common Questions of Law and Fact**

54.    There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes.  Among the questions of law and fact common to the Classes are:

   a.   Whether Defendant initiated telephone solicitations to Plaintiff and the Class members;

   b.   Whether Defendant violated 47 C.F.R. § 64.1200(d);

   c.   Whether Defendant violated 47 C.F.R. § 64.1200(c)(1) by sending text messages during prohibited after-hours times;

   d.   Whether Defendant keeps records of text recipients who revoked consent to receive texts;

   e.   Whether Defendant's conduct was knowing and willful;

   f.   Whether Defendant is liable for damages, and the amount of such damages; and

   g.   Whether Defendant should be enjoined from such conduct in the future.

55.    The common questions in this case are capable of having common answers.  If Plaintiff's claims that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out and during prohibits after hours times, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**Typicality**

56.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**Protecting the Interests of the Class Members**

57.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and have retained competent counsel. Accordingly, Plaintiff is an adequate representatives and will fairly and adequately protect the interests of the Classes.

**CLASS ACTION COMPLAINT**

1

### Proceeding Via Class Action is Superior and Advisable

2

58.    A class action is superior to all other available methods for the fair and efficient

3  adjudication of this lawsuit because individual litigation of the claims of all members of the Classes

4  is economically unfeasible and procedurally impracticable. While the aggregate damages sustained

5  by the Classes are in the millions of dollars, the individual damages incurred by each member of

6  the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of

7  individual lawsuits. The likelihood of individual Class members prosecuting their own separate

8  claims is remote, and, even if every member of the Classes could afford individual litigation, the

9  court system would be unduly burdened by individual litigation of such cases.

10

59.    The prosecution of separate actions by members of the Classes would create a risk

11  of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For

12  example, one court might enjoin Defendant from performing the challenged acts, whereas another

13  may not.  Additionally, individual actions may be dispositive of the interests of the Classes,

14  although certain class members are not parties to such actions.

### COUNT I
### Violation of the 47 U.S.C. § 227(c)(2)
### (On Behalf of Plaintiff and the National Internal Do Not Call Class)

15

16

17

60.    Plaintiff re-alleges and incorporates paragraphs 1 through 59 as if fully set forth
herein.

18

19

61.    The TCPA provides that any "person who has received more than one telephone

20  call within any 12-month period by or on behalf of the same entity in violation of the regulations

21  prescribed under this subsection may" bring a private action based on a violation of said

22  regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid

23  receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

62.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for

24  telemarketing purposes to a residential telephone subscriber unless such person or entity has

25  instituted procedures for maintaining a list of persons who request not to receive telemarketing

26  calls made by or on behalf of that person or entity. The procedures instituted must meet certain

27  minimum standards, including:

28

**CLASS ACTION COMPLAINT**

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

63.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

64.    Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

65.    Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

66.    Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

**CLASS ACTION COMPLAINT**

67.     Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

68.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

69.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

70.     Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

71.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violation of the 47 U.S.C. § 64.1200(c)(1)
### (On Behalf of Plaintiff and the After-Hours Violation Class)

72.     Plaintiff re-alleges and incorporates paragraphs 1 through 59 as if fully set forth herein.

73.     47 C.F.R. § 64.1200(c)(1) provides that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

74.     47 C.F.R. § 64.1200(e) provides the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

75.     Any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

76.     Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to Plaintiff and the After-Hours Violation Class members during prohibited after-hours times, in the recipients' local time zones.

77.     Defendant violated 47 U.S.C. § 227(c) because Plaintiff and the After-Hours Violation Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the After-Hours Violation Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200(c)(1).

78.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the After-Hours Violation Class.

**COUNT III**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Classes)**

79.     Plaintiff re-alleges and incorporate paragraphs 1-59 as if fully set forth herein.

80.     At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

81.     Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

82.     Defendant knew or should have known that sending text messages during prohibited after-hours times (before 8:00 AM and after 9:00 PM) violated 47 C.F.R. § 64.1200(c)(1).

83.     Defendant knew or should have known that continuing to send telemarketing text messages after receiving the request from Plaintiff not to receive telemarketing messages violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

84.     Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages, that messages were being sent during prohibited after-hours times, and that an opt-out request was being ignored, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(c)(5) of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, pray for the following relief:

a.   An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff counsel as Class Counsel;

b.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c.   An injunction prohibiting Defendant from sending text messages during prohibited after-hours times in violation of 47 C.F.R. § 64.1200(c)(1).

d.   An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

e.   An award of actual and statutory damages for Plaintiff and each member of the Classes;

f.   Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demand that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors,

**CLASS ACTION COMPLAINT**

individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: October 6, 2025                           Respectfully submitted,


                                                 By: /s/ *Scott Edelsberg*

                                                 **EDELSBERG LAW, P.A.**
                                                 Scott Edelsberg, Esq. (CA Bar No. 330990)
                                                 1925 Century Park E #1700
                                                 Los Angeles, CA 90067
                                                 Telephone: 305-975-3320
                                                 scott@edelsberglaw.com

                                                 *Counsel for Plaintiff and Proposed Classes*

**CLASS ACTION COMPLAINT**